■ In the Matter of DRAKE POMERANTZ, Appellant, v ROBERT BARTSCH, as Chairman of the Classification and Compensation Appeals Board, et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of the Westchester County Classification and Compensation Appeals Board which confirmed a denial by the county's department of personnel of petitioner's request that it recommend to the Westchester County Board of Legislators that his position be reclassified, petitioner appeals from a judgment of the Supreme Court, Westchester County (Dachenhausen, J.), dated April 26, 1982, which dismissed the petition as moot. Judgment modified by deleting the words "as moot" and substituting therefor the words "without prejudice to renewal upon a favorable final resolution of petitioner's grievance challenging the legality of his reassignment from the Fair Hearing Unit of the Westchester County Department of Social Services". As so modified, judgment affirmed, without costs or disbursements. Petitioner holds a competitive position in the Westchester County Civil Service. In December of 1979, he filed a request that a recommendation be made by respondent Westchester County Department of Personnel to the Westchester County Board of Legislators to reclassify his position from that of a senior social caseworker to administrative hearings management specialist at a higher salary grade. The department of personnel denied this request and petitioner appealed this determination to the Westchester County Classification and Compensation Appeals Board which confirmed the determination of the department of personnel. Petitioner thereafter commenced the instant CPLR article 78 proceeding to review the

determination of the classification and compensation appeals board. Petitioner was subsequently reassigned to a different position. Petitioner then filed a grievance challenging the legality of this reassignment. Since the grievance is pending, Special Term should not have dismissed the petition as moot on the basis of the reassignment. In the event that petitioner ultimately prevails in the grievance and is reassigned to his former position in the fair hearing unit, the issue raised in the instant proceeding will become viable. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.